**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMANDA ARNOLD, individually, and as Custodial parent and next friend of T.H., a minor, | ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) | Case No. |
| vs. | ) | Circuit Court of St. Louis County State of Missouri |
| THE KANSAS CITY SOUTHERN RAILWAY COMPANY d/b/a CANADIAN PACIFIC KANSAS CITY (CPKC) | ) | Cause No. 26SL-CC06171 |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant The Kansas City Southern Railway Company d/b/a Canadian Pacific Kansas City (CPKC) ("KCSR") hereby removes this action from the Missouri Circuit Court for the Twenty-First Judicial Circuit (St. Louis County) to the United States District Court for the Eastern District of Missouri. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Removal, KCSR states as follows:

**A. INTRODUCTION**

1. On September 10, 2026, Plaintiff Amanda Arnold, individually, and as custodial parent and next friend of T.H., a minor ("Plaintiff") instituted this action, by way of a Petition and Jury Demand ("Petition"), attached hereto as **Exhibit A**, in the Missouri Circuit Court for the Twenty-First Judicial Circuit (St. Louis County).[1] *See*

---

[1] The Petition claims that Plaintiff's child is a minor. Thus, in accordance with L.R. 2.17 and Fed. R. Civ. P. 5.2, KCSR has redacted the name of Plaintiff's child within Exhibit A. However, KCSR denies that Plaintiff's child is currently a minor.

Civil Action No. 26SL-CC06171, Circuit Court of the 21st Judicial District, St. Louis County, Missouri State Court ("Missouri State Court Action").

2. The Missouri State Court Action arose from an accident that occurred near a crossing in Bossier Parish, Louisiana on February 11, 2025. *Id.* ¶¶ 6, 8.

3. In her Petition, Plaintiff alleges that KCSR breached its duty to use reasonable care and violated the Federal Railroad Safety Act. *Id.* ¶¶ 12; 17–21.

4. Specifically, Plaintiff claims KCSR and its officers, employees, or agents breached its duty of care in various ways, including:

- Failing to keep a lookout for pedestrians moving alongside the tracks directly in front of its locomotive's path of movement;
- Failing to warn T.H. of the locomotive's approach from behind him;
- Failing to sound the locomotive bell, horn, whistle, or similar device, prior to entering the crossing as required by 49 C.F.R. § 222.21, et seq. or alternatively in failing to use a horn that produced the minimum audible sound profile required by 49 C.F.R. § 229.129(a), et seq.;
- Failing to follow its own rules, standards, and guidelines regarding the warning of vulnerable pedestrians moving alongside railroad tracks;
- Failing to adequately train its employees to protect and alert vulnerable pedestrians moving or occupying space alongside the railroad tracks;
- Failing to post warnings at crossings and other walking paths frequented by pedestrians, including minors and others;

- Failing to inspect and observe that its elevated right of way, uphill from a busy roadway containing no pedestrian walkway or sidewalk, constituted an attractive nuisance to minors and other pedestrians.

*Id.* ¶ 12 (a)–(h).

5. In other words, Plaintiff contends that KCSR violated federal and state law in operating the train and maintaining the crossing, and such violations caused injury to minor and Plaintiff.

6. Plaintiff seeks a judgment in her favor for an amount greater than Twenty-Five Thousand Dollars ($25,000.00), for interest and costs of this action. *See* Ex. A at WHEREFORE Clause.

7. Defendant has not entered its appearance, filed a responsive pleading, or otherwise responded in the Missouri State Court Action.

**B. REMOVAL IS PROPER UNDER 28 U.S.C. § 1331 BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION**

8. 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

10. Although federal question jurisdiction most often attaches when federal law creates a cause of action asserted, it may also attach when state law claims "necessarily

raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance" of federal and state power. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

11. Here, Plaintiff expressly raises a federal issue when claiming that KCSR violated the Federal Railroad Safety Act by failing to comply with mandatory federal requirements for locomotive horns. Ex. A, ¶¶ 18–20. Accepting Plaintiff's allegations and legal theories as true solely for purposes of this Notice of Removal,[2] this Court would need to determine whether KCSR violated federal law at the time of the accident. Therefore, this Court has federal question jurisdiction over Plaintiff's claims.

12. Furthermore, federal question jurisdiction exists when a state law claim is completely preempted by federal law. *Hodge v. Burlington N. & Santa Fe Ry. Co.*, 461 F. Supp. 2d 1044, 1049 (E.D. Mo. 2006). State law claims "regarding the adequacy of the warning devices at crossing," "alleged negligent operation of the subject train," and "failure to monitor audible warning devices (presumably the train's horn)" are completely preempted and thus federal question jurisdiction exists. *Id.* at 1053.

13. Additionally, 49 C.F.R. § 213.31, et seq., and 49 C.F.R. § 213.101, et seq. prescribe the minimum requirements for roadbed and areas immediate adjacent to roadbeds, and thus state law claims regarding failure to maintain an elevated right of way are completely preempted. *Borden v. CSX Transp., Inc.*, 843 F. Supp. 1410, 1415 (M.D. Ala. 1993) citing *Easterwood v. CSX Transp., Inc.,* 933 F.2d 1548, 1554 (11th Cir. 1991),

[2] KCSR disputes Plaintiff's claims.

*aff'd,* 507 U.S. 658 (1993) (finding that the plaintiff's state law claims of negligence and wantonness relating to vegetation immediately on or adjacent to the railroad track were preempted and summary judgment was warranted).

14. Here, Plaintiff's claims involving failing to post warnings at crossings and other walking paths frequented by pedestrians; failing to keep a lookout for pedestrians moving alongside the tracks directly in front of its locomotive's path of movement; failure to sound the locomotive bell, horn, whistle, or similar device, prior to entering the crossing; and failure to inspect and observe its elevated right of way are completely preempted by federal law. *See Hodge*, 461 F. Supp. 2d at 1049. Thus, federal question jurisdiction exists as to these claims.

**C. THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING CLAIMS PURSUANT TO 28 U.S.C. § 1367(a)**

15. This Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. §§ 1367(a) because they derive from a common nucleus of operative fact such that they form a part of the same case or controversy under Article III of the United States Constitution. *See Myers v. Richland Cnty*., 429 F.3d 740, 746 (8th Cir. 2005) (quotation omitted); *see also Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn*., 2015 WL 3915687, at *22 (D. Minn. June 25, 2015) (exercising supplemental jurisdiction over state law claims upon holding that federal jurisdiction exists over a breach of contract claim based on a substantial federal question).

**D. REMOVAL IS TIMELY UNDER 28 U.S.C. § 1446(b)**

16. KCSR was served with a copy of Plaintiff's Petition on September 23, 2026.

17. This Notice of Removal is timely pursuant to 28 U.S.C § 1446(b) because it is being filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (holding that the thirty (30) day removal period does not begin to run until defendant is formally served); *Marano Enters. of Kansas v. Z-Teca Rests., L.P.*, 254 F.3d 753, 756-57 (8th Cir. 2001) (same).

18. Because Defendant was served on September 23, 2026, the thirty-day time period continues through October 23, 2026.

19. Venue is proper in this District and Division under 28 U.S.C. § 1446(a) and 28 U.S.C. § 105 because the State Court Action is pending within this District and Division.

20. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and papers or exhibits currently on file in the State Court Action at the time of removal are attached hereto as **Exhibit B**.

21. The materials in Exhibit B include a return of service confirming that Defendant was served on September 23, 2026. *See* Exhibit B.

## E. KCSR HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

22. Pursuant to Local Rules 2.02 and 2.03, the Original Filing Form has been filed.

23. Pursuant to Local Rules 2.02 and 2.03, the Civil Cover Sheet has been filed.

24. Pursuant to Local Rule 2.04, "Jury Trial Demanded" is written on the face of the Notice of Removal as Defendant requests a jury trial

25. Written notice of the filing of this Notice of Removal will be given promptly to Plaintiffs and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Circuit Court of St. Louis County, Missouri, as required by 28 U.S.C. § 1446(d).

26. No claim in this matter has been made non-removable by statute.

27. Defendant reserves the right to amend or supplement this Notice of Removal.

28. By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it.

WHEREFORE, Defendant The Kansas City Southern Railway Company d/b/a Canadian Pacific Kansas City (CPKC) respectfully removes this action from the from the Missouri Circuit Court for the Twenty-First Judicial Circuit (St. Louis County) to the United States District Court for the Eastern District of Missouri, and respectfully requests that this action proceed in this Court as an action properly removed.

Dated: October 23, 2026

**HUSCH BLACKWELL LLP**

By: /s/ Michael P. Nolan
Michael P. Nolan, #54046(MO)
Mary K. Mullen, #70265(MO)
Kaitlin M. Little, #73822(MO)
8001 Forsyth Blvd., Suite 1500
St. Louis, MO 63105
(314) 480-1500 Office
(314) 480-1505 Facsimile
Michael.Nolan@huschblackwell.com
MaryKate.Mullen@huschblackwell.com
Katie.Little@huschblackwell.com

***Attorneys for Defendant The Kansas City Southern Railway Company***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served upon all parties by way of the Court's Electronic Filing System and electronic mail on this 23rd day of October 2026, to:

Steven L. Groves
Caroline R. Alexander
505 N. 7th Street, Suite 2010
St. Louis, Missouri 63101
sgroves@grovespowers.com
calexander@grovespowers.com

***Attorneys for Plaintiff***

/s/ Michael P. Nolan